IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK SAMUEL BAKER,<br><br>Defendant. | CR 22–102–BLG–DLC<br><br><br><br>ORDER |

Before the Court are Defendant Mark Samuel Baker's Motion for New Trial (Doc. 72), Motion to Dismiss (Doc. 76), and Motion for Evidentiary Hearing (Doc. 86). In response to Baker's Motion for New Trial, the United States has filed a Motion to Strike. (Doc. 74.) The Court addresses the United States' Motion to Strike and Baker's Motion to Dismiss below. The Court grants the United States' Motion to Strike, thereby denying Baker's Motion for New Trial and Motion for Evidentiary Hearing. The Court also denies Baker's Motion to Dismiss.

## BACKGROUND

On September 15, 2022, Baker was charged with one count of Attempted Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a) and 1594(a). (Doc. 1.) He was first appointed a federal public defender, (Doc. 9), but later retained David Merchant and Lisa Bazant to represent him, (Doc. 22). After

1

several continuances of the trial date at the parties' request, Baker proceeded to trial on September 18, 2023, in Missoula, Montana.  (Doc. 45.)  On September 19, 2023, after roughly one and a half hours of deliberation, the jury found Baker guilty as charged in the Indictment.  (Doc. 54.)  Sentencing was scheduled for February 1, 2024, (Doc. 55), and is now set for February 27, 2024, (Doc. 85).   On December 15, 2023, Baker filed a notice of substitution of counsel indicating that he was now represented by Penelope Strong and Jon May, both retained.  (Docs. 67)

On December 27, 2023, Baker filed a Motion for New Trial pursuant to Fed. R. Crim. P. 33.  (Doc. 72.)  On January 5, 2024, the United States filed a Motion to Strike Baker's Motion for New Trial.  (Doc. 74.)  Because resolution of the United States' Motion to Strike could prove dispositive of Baker's Motion for New Trial without need for additional discovery, the Court stayed briefing on Baker's Motion for New Trial until the United States' motion is resolved.  (Doc. 79.)  Baker also filed a Motion to Dismiss on the grounds of outrageous government misconduct.  (Doc. 76.)  The Court found that Baker's Motion to Stay and Motion to Dismiss could be resolved separately, and therefore did not stay briefing on the Motion to Dismiss.  (Doc. 79.)  Baker then filed a Motion for Evidentiary Hearing in support of his Motion for New Trial.  (Doc. 86.)

The Court now addresses the United States' Motion to Strike and Baker's Motion to Dismiss. In resolving these motions, the Court also resolves Baker's Motion for New Trial and Motion for Evidentiary Hearing.

## ANALYSIS

### I.    Motion to Strike

The United States argues that Baker's motion is untimely and his claims of ineffective assistance of counsel are more appropriately raised on collateral review pursuant to 28 U.S.C. § 2255. (Doc. 74 at 1–2.)

Federal Rule of Criminal Procedure 33 provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion pursuant to Rule 33 must be filed "within 3 years after the verdict or finding of guilty" if based on newly discovered evidence or "within 14 days after the verdict or finding of guilty" if "grounded on any reason other than newly discovered evidence." Fed. R. Crim. P. 33(b). However, the Court may extend these deadlines upon a showing of "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).

Baker moves for a new trial on the grounds of "manifest and egregious ineffective assistance of counsel." (Doc. 72 at 1.) Baker raises several instances of alleged "ineffective assistance" occurring during his trial. (*See* Doc. 73.) Baker's Motion for New Trial was filed 100 days after he was found guilty and does not

raise any arguments based on "newly discovered evidence." *See United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994) (holding that evidence of ineffective assistance doesn't fit within the exception for newly discovered evidence). Therefore, unless Baker can demonstrate "excusable neglect" to justify an extension of the filing deadline, the motion is untimely and must be denied.

Baker argues that ineffective assistance of counsel constitutes excusable neglect. (Doc. 80 at 2.) Baker states that he repeatedly told his trial counsel, David Merchant, that he wanted Mr. Merchant to file a motion for new trial. (*Id.*) Baker has provided what appears to be an email between "Janice & Lori"—presumably individuals associated with Baker—and Mr. Merchant dated October 3, 3023, in which Mr. Merchant denies the request to file a motion for new trial because it would be "bad strategy" and "frivolous." (*Id.* at 3.)

Without citing to any in-circuit precedent, Baker advocates for a *per se* rule that ineffective assistance of counsel constitutes excusable neglect. (Doc. 80 at 2.) There is some in-circuit support for the proposition that ineffective assistance *may* amount to excusable neglect. However, in those cases, the courts did not find ineffective assistance to constitute excusable neglect *per se*, but instead, first considered the factors set forth in *Pioneer Investment Services Company v. Brunswick Association*, 507 U.S. 380 (1993). *See, e.g.*, *United States v. Acosta*, No. C 11-00182 CRB, 2012 WL 273709, at *5 n.4 (N.D. Cal. Jan. 30, 2012);

*United States v. Jensen*, No. CR-08-054-JLQ, 2010 WL 3809988, at *7 (E.D. Wash. Sept. 27, 2010); *United States v. McGowan*, No. CR 07-00113 MMM, 2012 U.S. Dist. LEXIS 205748, at *5–6 (C.D. Cal. Apr. 16, 2012).  This is also consistent with Ninth Circuit precedent regarding Rule 45 extensions more generally.  *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) ("The nature of the contextual analysis and the balancing of the factors adopted in *Pioneer* counsel against the creation of any rigid rule.  Rather, the decision whether to grant or deny an extension of time to file a notice of appeal should be entrusted to the discretion of the district court because the district court is in a better position than we are to evaluate factors . . . .").

The relevant *Pioneer* factors are: (1) the reason for delay; (2) whether the delay was within the moving party's control; (3) prejudice to the non-moving party; (3) the length of the delay and its potential impact on judicial proceedings; and (4) whether the moving party acted in good faith.  *Pioneer*, 507 U.S. at 395.  Neither party has directly addressed these factors.  Most importantly, Baker, who carries the burden of proof, has provided little information other than his position that it was ineffective assistance for his previous counsel to have failed to file the motion.  But even the information provided by Baker—the email exchange between Mr. Merchant and "Janice & Lori"—raises more questions than answers.  Who are Janice and Lori?  Was this information communicated to Baker?  Did

Baker request that his attorney file a Rule 33 motion?  The Court concludes that Baker has failed to meet his burden to prove excusable neglect and therefore the Rule 33 motion is untimely and should be stricken.

Furthermore, "the customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255."[1]  *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).  In fact, "[s]uch claims are 'generally inappropriate on direct appeal' and should be raised instead in habeas corpus proceedings." *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013) (quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)).  Although the Court may consider a claim of ineffective assistance of counsel raised prior to the judgment of conviction, a district court has the discretion to determine whether to adjudicate the merits of the ineffective assistance claim or to deny the motion if the claim is better addressed in a collateral attack on the conviction.  *Steele*, 733 F.3d at 897–99.  The Court will only consider a pre-judgment ineffective assistance claim "where the record is sufficiently developed to permit review and determination of the issue, or the legal representation is so inadequate that it obviously denies a defendant his Sixth

---

[1] Section 2255 provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Amendment right to counsel." *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060 (9th Cir. 2000).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 691 (1984).  The Court is cognizant that "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions," and "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Id.*  Here, the record is not sufficiently developed, nor was legal representation so clearly inadequate, to warrant consideration of the ineffective assistance of counsel claim through direct appeal.

Baker's arguments regarding ineffective assistance stem from strategic decisions made by his trial counsel: (1) "fail[ing] to present evidence concerning the prevalence of men and women misrepresenting their age and posting false photographs on dating sites;" (2) failing to present a study from the Justice Research and Statistics Associations regarding the reliability of photos to determine the age of a sex worker; (3) "fail[ing] to raise the defense of entrapment;" (4) "fail[ing] to argue that 18 U.S.C. § 1591(a) is unconstitutional as

applied;" and (5) "fail[ing] to object to prejudicial statements" made during voir dire.  (Doc. 72 at 2.)  It is clear that Baker finds these errors to be obvious and prejudicial to his defense, and, in Baker's view, any evidentiary hearing "would only take a few hours[,] a day at most."  (Doc. 80 at 4.)

A fair assessment of trial counsel's action would require a more thorough record than what was said or done during trial and the government would need to uncover move evidence than can be achieved through examination of Baker's trial counsel—including evidence of discussions between Baker and his counsel and discussions between Baker's counsel and Baker's intermediaries.  Baker retained counsel for trial and has elected to hire new counsel to handle his post-trial motions, therefore, there is no need relieve Baker of potentially ineffective, court-appointed counsel in order to properly adjudicate his claim.  *See Steele*, 733 F.3d at 898 ("The decision to interrupt the pre-judgment proceedings to inquire into the merits of an ineffective assistance of counsel claim may depend on, among other things, whether the court would need to relieve the defendant's attorney, or in any event, to appoint new counsel in order to properly adjudicate the merits of the claim.").  The Court also notes that "a strategic decision" generally "cannot form the basis of a claim for ineffective assistance of counsel." *Sexton v. Cozner*, 679 F.3d 1150, 1156 (9th Cir. 2012).

Baker also argues that equity favors consideration of his ineffective assistance claim through his motion for new trial because if the Court declines to consider the motion for new trial now, Baker "will lose his appeal because issues were not preserved that would otherwise result in reversal." (Doc. 80 at 9.)  This is a fundamental misunderstanding of the law in the Ninth Circuit.  First, as discussed above, Baker can collaterally attack his sentence through a § 2255 petition.  Second, issues raised on appeal that were not raised in the district court are still subject to plain error review.  *United States v. Mitchell*, 502 F.3d 931, 949 n.1 (9th Cir. 2007).

For the foregoing reasons, the Court declines to consider Baker's Rule 33 motion for new trial because the motion is untimely and raises claims of ineffective assistance of counsel best addressed through a § 2255 petition.  The United States' Motion to Strike (Doc. 74) is therefore granted and Baker's Motion for New Trial (Doc. 72) is denied.  Because the Motion for New Trial is denied, the Motion for Evidentiary Hearing (Doc. 86) is also denied as moot.

## II.   Motion to Dismiss

In his Motion to Dismiss, Baker moves for dismissal of the Indictment in this matter for violation of his due process rights under the Fifth and Fourteenth Amendments.  (Doc. 76 at 2.)  Baker alleges that the government engaged in "outrageous conduct" that violated his fundamental right to due process by

"creat[ing] a crime that [he] would not have committed but for the actions of the officers." (Doc. 78 at 2.)

The Court will not reach the merits of Baker's argument because it is untimely. The Ninth Circuit requires a defendant to assert outrageous government conduct of which he is aware before trial, pursuant to Fed. R. Crim. P. 12(b).[2] *United States v. Mausali*, 590 F.3d 1077, 1080 (9th Cir. 2010) ("Outrageous government conduct claims involve alleged defects in the institution of the prosecution itself, questions of law that the court should decide before trial." (internal quotation marks omitted)). The Court may only consider an untimely filed motion upon a showing of good cause. Fed. R. Crim. P. 12(c)(3); *see also United States v. Anderson*, 472 F.3d 662, 669–70 (9th Cir. 2006) (explaining that the Court "may grant relief from a waiver if the defendant presents a legitimate explanation for his failure to raise the issue in a timely manner" (internal quotation marks omitted)).

Baker waived his outrageous government conduct argument by failing to raise it before trial despite being aware of the facts and circumstances of the operation which led to his arrest. In fact, no pretrial motions were filed despite the fact that trial in this matter was set and continued several times on motions by both

---

[2] Fed. R. Crim. P. 12(b)(3)(A) provides that "a motion alleging a defect in instituting the prosecution" must be made before trial.

parties. (Docs. 16, 21, 28, 33.) Baker did not raise any basis in support of a showing of good cause for his late filing. Presumably, Baker takes the position that his trial counsel's alleged ineffective assistance constitutes good cause. But, for the reasons already discussed, the Court declines to consider Baker's ineffective assistance of counsel claim on direct appeal, which includes his motion to dismiss.

## CONCLUSION

Accordingly, IT IS ORDERED that the United States' Motion to Strike (Doc. 74) is GRANTED.

IT IS FURTHER ORDERED that Baker's Motion for New Trial (Doc. 72) is DENIED.

IT IS FURTHER ORDERED that Baker's Motion for Evidentiary Hearing (Doc. 86) is DENIED.

IT IS FURTHER ORDERED that Baker's Motion to Dismiss (Doc. 76) is DENIED.

IT IS FURTHER ORDERED that sentencing in this matter remains set for February 27, 2024. (Doc. 85.) The Court's scheduling orders (Docs. 55, 85) remain in full force and effect.

DATED this 25th day of January, 2024.

Dana L. Christensen, District Judge
United States District Court